UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EDWIN H. BLUM, | ) |
| | ) CASE NO. C12-1177-MJP-MAT |
| Petitioner, | ) |
| | ) |
| v. | ) REPORT AND RECOMMENDATION |
| | ) |
| PAT GLEBE, | ) |
| | ) |
| Respondent. | ) |

INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Edwin H. Blum proceeds *pro se* in this 28 U.S.C. § 2254 habeas action. Petitioner is in custody pursuant to a 2009 conviction by guilty plea of first-degree malicious mischief, unlawful imprisonment, two counts of third degree assault, and two counts of harassment. (Dkt. 14, Ex. 1.) Respondent filed an answer to the petition (Dkt. 11), along with relevant portions of the state court record (Dkt. 14). The Court has reviewed the record in its entirety. For the reasons discussed herein, the Court agrees with respondent that this action is time-barred, and recommends that petitioner's habeas petition be DENIED and this action DISMISSED.

REPORT AND RECOMMENDATION
PAGE -1

On March 30, 2009, Snohomish County Superior Court entered judgment against petitioner and imposed a sentence of 357 months confinement. (Dkt. 14, Ex. 1.) Petitioner did not file an appeal. On April 28, 2010, petitioner moved to modify his sentence in superior court. (*Id*., Ex. 2.) The court found the petition time-barred by RCW 10.73.090 and transferred it to the Washington Court of Appeals to be considered as a personal restraint petition. (*Id*., Ex. 3.) The Court of Appeals found the petition untimely, concluding plaintiff failed to show his judgment and sentence was invalid on its face or that his case fell within one of the exceptions to RCW 10.73.100. (*Id*., Ex. 7.) Petitioner sought review in the Washington Supreme Court. (*Id*., Ex. 8.) The Supreme Court also found the petition time-barred and no showing the judgment and sentence was facially invalid. (*Id*., Ex. 9.) The court declined to decide whether an alleged exemption to the time-bar applied, noting that the inclusion of an additional claim made the petition, at best, a mixed petition that could not be considered. (*Id*.) Petitioner moved to modify and the court denied the motion on July 12, 2011. (*Id*., Ex. 11.) Petitioner submitted his habeas petition to this Court on June 29, 2012. (*See* Dkt. 4 at 44.)

Pursuant to 28 U.S.C. § 2244(d)(1), a one-year statute of limitations applies to § 2254 habeas actions. That period of limitation usually commences when the criminal judgment becomes final under state law:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> . . . .

§ 2244(d)(1)(A).

In Washington, a notice of appeal must be filed within thirty days after the entry of the decision of the trial court. Wash. RAP 5.2(a). The end of this thirty day period marks the expiration of the time for seeking review pursuant to § 2244(d)(1)(A). Here, because petitioner did not appeal the March 30, 2009 judgment, his conviction became final thirty days later, on April 29, 2009. His one-year statute of limitations under § 2244(d)(1) began to run the following day, on April 30, 2009. *Patterson v. Stewart*, 251 F.3d 1243, 1246-47 (9th Cir. 2001).

The one-year limitations period for filing a § 2254 action is tolled for any "properly filed" collateral state challenge to the pertinent judgment or claim. 28 U.S.C. § 2244(d)(2). Petitioner filed his collateral challenge on April 28, 2010, one day before the expiration of his federal statute of limitations on April 29, 2010. However, a personal restraint petition deemed time-barred in state court is not properly filed and does not, therefore, toll the statute of limitations. *Pace v. DiGuglielmo,* 544 U.S. 408, 417 (2005) ("[W]e hold that time limits, no matter their form, are 'filing' conditions. Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)."); *accord Thorson v. Palmer*, 479 F.3d 643, 645 (9th Cir. 2007); *Bonner v. Carey*, 425 F.3d 1145, 1149 (9th Cir. 2005). Because the state courts found petitioner's petition time-barred under state law, its filing did not toll the federal statute of limitations. Petitioner's June 29, 2012 federal habeas petition, filed more than two years after the expiration of his federal statute of limitations, is, accordingly, untimely.

The statute of limitations is subject to equitable tolling. *Holland v. Florida*, 130 S. Ct.

2549, 2560 (2010); *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003).  Equitable tolling is available "only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time and the extraordinary circumstances were the cause of his untimeliness."  *Laws*, 351 F.3d at 922 (internal quotation marks and quoted source omitted).  To be entitled to equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  *Holland*, 130 S.Ct. at 2562 (quoting *Pace*, 544 U.S. at 418) (emphasis deleted).  In other words, equitable tolling may be appropriate when external forces, rather than petitioner's lack of diligence, prevent timely filing.  *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999).

In this case, petitioner does not assert any basis for equitable tolling.  (*See* Dkt. 4.) Nor is there any apparent basis for finding extraordinary circumstances beyond petitioner's control inhibiting his ability to timely pursue his claims and entitling him to the equitable tolling of the federal statute of limitations.

Because petitioner filed his petition outside of the § 2254 statute of limitations period, and because petitioner has not demonstrated that he is entitled to tolling of that period, his petition is time-barred under § 2244(d).  The Court, therefore, recommends that petitioner's federal habeas petition be DENIED and this case DISMISSED.  Additionally, because petitioner has not made "a substantial showing of the denial of a constitutional right[]" 28 U.S.C. § 2253(c)(2), the Court concludes that he is not entitled to a certificate of appealability with respect to his claims. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (a petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district

01 court's resolution of his constitutional claims or that jurists could conclude the issues presented
02 are adequate to deserve encouragement to proceed further.")  A proposed order accompanies
03 this Report and Recommendation.

04       DATED this <u>27th</u> day of November, 2012.

*[signature]*

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -5